UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE: ) | |
| WILLIAM HAROLD BOSTICK ) | CHAPTER 13 |
| DANA MOORE BOSTICK ) | |
| ) | |
| DEBTOR(S) ) | CASE NO. 19-40574-PWB |
| ) | |
| ) | JUDGE BONAPFEL |

### STATEMENT OF MODIFIED PLAN

Come(s) now **WILLIAM HAROLD BOSTICK AND DANA MOORE BOSTICK** and state(s) the following:

1. On Thursday, May 30, 2019, Debtor(s) filed a Modified Plan. The Modified Plan is attached as an Exhibit to this Statement of Modified Plan filed with the Bankruptcy Court.
2. The Modified Plan amends the specified sections(s) of the Plan and changes them as follows;

    Amended section 2.1 to reduce monthly plan payments to $715.00

    Amended section 2.4 to include addition payment language that states, "Any nonexempt proceeds awarded from pending lawsuit shall be remitted to the Chapter 13 Trustee for distribution to unsecured creditors".

    Amended section 3.2 to remove Ally Financial, Inc.

    Amended section 3.2 to increase post confirmation payments to Capital One Bank (USA) N.A., dba Capital One Auto Finance to $370.00 per month beginning February 2020.

    Amended section 3.2 to include Debtors' debt with Badcock Furniture. Said debt has an estimated claim amount of $1,955.00 and house hold items as collateral. The value of said collateral is $1,600.00 as is the amount of the secured claim. This debt shall be paid at 6% interest at $59.00 monthly post-confirmation payments.

    Amended section 3.3 to reflect Peoples Financial Corporation shall receive monthly post-confirmation payments at $40.00 and in February 2020 shall receive $236.00 per month.

    Amended section 3.5 to surrender Debtors' interest in a 2013 Dodge Durango with Ally Financial.

    Amended section 4.3(e) to reduce monthly attorney's fee disbursements to $518.00.

    Amended section 4.4 to reflect an estimated claim amount of $632.00 with Georgia Department of Revenue.

    Amended section 4.4 to reflect an estimated claim amount of $18,956.00 with the Internal Revenue Service.

3. Any Amendment contained in the Modified Plan that is not set forth in this Statement of Modified Plan will not be effective.
4. Objections to the confirmation of the Modified Plan must be filed with the Court and served on the Debtor(s), the attorney for the Debtor(s), and the Chapter 13 Trustee at least seven days before the date set for the hearing on confirmation.

This Thursday, May 30, 2019.

    Respectfully Submitted,

    /S/ Jeffrey B Kelly
    Attorney for Debtors
    GA Bar No. 412798
    107 E. 5th Avenue
    Rome, GA 30161
    (706) 295-0030
    (706) 413-1365 (fax)
    lawoffice@kellycanhelp.com

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **William Harold Bostick** |
| | First Name   Middle Name   Last Name |
| Debtor 2 | **Dana Moore Bostick** |
| (Spouse, if filing) | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the **NORTHERN DISTRICT OF GEORGIA** | |
| Case number: | 19-40574-pwb |
| (If known) | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.
Amended section
2.1,2.4,3.2,3.3,3.5,4.3,4.4

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 21-2017, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 21-2017 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

*Check if applicable.*

☐ The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a timely proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan.*

| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ☑ Included | ☐ Not Included |
|---|---|---|---|
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | ☐ Included | ☑ Not Included |
| § 1.3 | **Nonstandard provisions, set out in Part 8.** | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

| Debtor | **William Harold Bostick** | Case number | |
|---|---|---|---|
| | **Dana Moore Bostick** | | |

### § 2.1 Regular Payments to the trustee; applicable commitment period.

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:*   ☑ 36 months   ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay **$715.00** per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*
☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

### § 2.2 Regular Payments; method of payment.

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*

☐ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☑ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment):

### § 2.3 Income tax refunds.

*Check one.*

☑ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐ Debtor(s) will (1) supply the trustee with a copy of each income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any income tax refund during the applicable commitment period for tax years _____, the amount by which the total of all of the income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

### § 2.4 Additional Payments.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☑ Debtor(s) will make additional payment(s) ("Additional Payments") to the trustee from other sources as specified below.
*Describe the source, estimated amount, and date of each anticipated payment.*
ANY NONEXEMPT PROCEEDS AWARDED FROM PENDING LAWSUIT SHALL BE REMITTED TO THE CHAPTER 13 TRUSTEE FOR DISTRIBUTION TO UNSECURED CREDITORS.

### § 2.5 [Intentionally omitted.]

### § 2.6 Disbursement of funds by trustee to holders of allowed claims.

| Debtor | **William Harold Bostick** | Case number | |
|---|---|---|---|
| | **Dana Moore Bostick** | | |

    **(a) Disbursements before confirmation of plan.** The trustee will make preconfirmation adequate protection payments to holders of allowed claims as set forth in §§ 3.2 and 3.3.

    **(b) Disbursements after confirmation of plan.** Upon confirmation, after payment of the trustee's statutory fee, the trustee will disburse Regular Payments, Additional Payments, and Tax Refunds that are available for disbursement to make payments to holders of allowed claims as follows:

        **(1) First disbursement after confirmation of Regular Payments.** In the first disbursement after confirmation, the trustee will disburse all available funds from Regular Payments in the following order:

            (A) To pay any unpaid preconfirmation adequate protection payments required by 11 U.S.C. § 1326(a)(1)(C) as set forth in § 3.2, § 3.3, and orders of the Bankruptcy Court;

            (B) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

            (C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on nonpriority unsecured claims as set forth in § 5.2; and on executory contracts and unexpired leases as set forth in § 6.1; and

            (D) To pay claims in the order set forth in § 2.6(b)(3).

        **(2) Second and subsequent disbursement after confirmation of Regular Payments.** In the second disbursement after confirmation, and each month thereafter, the trustee will disburse all available funds from Regular Payments in the order below. All available Regular Payments will be distributed to the claims in each paragraph until such claims are paid in full.

            (A) To make concurrent monthly payments, including any amount past due under this plan: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

            (B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs; and

            (C) To pay claims in the order set forth in § 2.6(b)(3).

        **(3) Disbursement of Additional Payments and Tax Refunds.** The trustee will disburse the Additional Payments and Tax Refunds in the following order:

            (A) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

            (B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs;

            (C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

            (D) To pay other Allowed Secured Claims as set forth in § 3.6;

            (E) To pay allowed claims entitled to priority under 11 U.S.C. § 507, other than administrative expenses and domestic support obligations; and

            (F) To pay nonpriority unsecured claims not otherwise classified as set forth in § 5.1 ("Unclassified Claims") and to pay nonpriority unsecured claims separately classified as set forth in § 5.3 ("Classified Claims"). The trustee will estimate the total amounts to be disbursed during the plan term (1) to pay Unclassified Claims and (2) to pay Classified Claims. Funds available for disbursement on these claims will be allocated pro rata to each class, and the funds available for disbursement for each class will be paid pro rata to the creditors in the class.

        **(4)** Unless the debtor(s) timely advise(s) the trustee in writing, the trustee may treat and disburse any payments received from the debtor(s) as Regular Payments.

| Part 3: | Treatment of Secured Claims |
|---|---|

| Debtor | **William Harold Bostick** | Case number | |
|---|---|---|---|
| | **Dana Moore Bostick** | | |

**§ 3.1   Maintenance of payments and cure of default, if any.**

*Check one.*

☑   **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**§ 3.2   Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

☐   **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
   ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☑   The debtor(s) request(s) that the Bankruptcy Court determine the value of the secured claims listed below.

For each non-governmental secured claim listed below, the debtor(s) state(s) that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless the Bankruptcy Court orders otherwise, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each creditor checked below, debtor(s) will file a motion pursuant to Bankruptcy Rule 3012 and the Chapter 13 General Order to request determination of the amount of the secured claim.

For each listed claim below, the value of the secured claim will be paid in full with interest at the rate stated below. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Check only if motion to be filed | Name of creditor | Estimated amount of total claim | Collateral and date of purchase | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | **Capital One Bank (USA), N.A. dba Capital One Auto Finance** | $7,530.00 | **2015 Hyundai Elantra** 03-13-2015 | $7,000.00 | $0.00 | $7,000.00 | 6.00% | $70.00 | $70.00 In February 2020, plan payment shall increase to 370 per month. |
| ☐ | **Badcock Furniture** | $1,955.00 | HHG 2017 | $1,600.00 | $0.00 | $1,600.00 | 6% | $0.00 | $59 per month. |

**§ 3.3   Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐   **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑   The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle

| Debtor | **William Harold Bostick** | Case number | |
|---|---|---|---|
| | **Dana Moore Bostick** | | |

acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly preconfirmation adequate protection payment | Monthly postconfirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| **Peoples Financial Corporation** | **2011 Mazda Mazda3** | **02-12-2018** | $**4,269.00** | **6.00**% | $**40.00** | $40.00  In February 2020 , plan payment shall increase to 236 per month. |

§ 3.4    **Lien avoidance**.

*Check one.*

    ☑    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

§ 3.5    **Surrender of collateral.**

*Check one.*

☐    **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑    The debtor(s) elect(s) to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request(s) that, upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Confirmation of the plan results in termination of such stays. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below. No payments as to the collateral will be made, and all secured claims based on the collateral will not otherwise be treated by the plan.

| Name of Creditor | Collateral |
|---|---|
| **Ally Financial** | **2013 Dodge Durango** |

§ 3.6    **Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of    **6.00**   %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

| Debtor | **William Harold Bostick** | Case number | |
|---|---|---|---|
| | **Dana Moore Bostick** | | |

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

### Part 4: Treatment of Fees and Priority Claims

**§ 4.1    General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2    Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3    Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $__**4,500.00**__. The allowance and payment of the fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 22-2017 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) The Bankruptcy Court may allow additional fees, expenses, and costs to the attorney for debtor(s) in excess of the amount shown in § 4.3(a) above upon application of the attorney in compliance with the Chapter 13 Attorney's Fees Order and after notice and a hearing.

(d) From the first disbursement after confirmation, the attorney will receive payment under § 2.6(b)(1) up to the allowed amount set forth in § 4.3(a).

(e) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $__**518.00**__ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in § 2.6, until all allowed amounts are paid in full.

(f) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $__**2,500.00**__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(g) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $__**2,500.00**__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 10 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(h) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(i) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4    Priority claims other than attorney's fees.**

☐    **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

(a) *Check one.*

☑    The debtor(s) has/have no domestic support obligations. *If this box is checked, the rest of § 4.4(a) need not be completed or reproduced.*

| Debtor | **William Harold Bostick** | Case number |
|---|---|---|
|  | **Dana Moore Bostick** |  |

(b) The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Name of creditor | Estimated amount of claim |
|---|---|
| **Georgia Department of Revenue** | $**632.00** |
| **Internal Revenue Service** | $**18,956.00** |

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |
|---|---|

**§ 5.1**  **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☑ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2**  **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑      **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3**  **Other separately classified nonpriority unsecured claims.**

*Check one.*

☑      **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | **Executory Contracts and Unexpired Leases** |
|---|---|

**§ 6.1**  **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☑      **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | **Vesting of Property of the Estate** |
|---|---|

**§ 7.1**  **Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

| Part 8: | **Nonstandard Plan Provisions** |
|---|---|

| Debtor | **William Harold Bostick** | Case number | |
| --- | --- | --- | --- |
| | **Dana Moore Bostick** | | |

**§ 8.1    Check "None" or List Nonstandard Plan Provisions.**

☑    **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

| Part 9: | **Signatures:** |
| --- | --- |

**§ 9.1    Signatures of Debtor(s) and Attorney for Debtor(s).**

*The debtor(s) must sign below. The attorney for the debtor(s), if any, must sign below.*

X  **/s/**
**William Harold Bostick**
Signature of debtor 1 executed on     **May 29, 2019**

**6 Elliott Circle NW**
**Rome, GA 30165**

X  **/s/**
**Dana Moore Bostick**
Signature of debtor 2 executed on     **May 29, 2019**

**6 Elliott Circle NW**
**Rome, GA 30165**

X  **/s/**
**Jeffrey B. Kelly 412798**
Signature of attorney for debtor(s)

**Law Office of Jeffrey B. Kelly, P.C.**

Date:  **May 29, 2019**

**107 E. 5th Avenue**
**Rome, GA 30161**

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 13 |
| WILLIAM HAROLD BOSTICK ) | |
| DANA MOORE BOSTICK ) | |
| ) | CASE NO. 19-40574-PWB |
| DEBTOR(S) ) | |
| ) | JUDGE BONAPFEL |

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **Statement of Modified Plan** on the following by U. S. Mail, in a properly stamped and addressed envelope.

Chapter 13 Trustee
Mary Ida Townson
191 Peachtree Street, NE
Suite 2200
Atlanta, GA 30303-1740

William Bostick & Dana Bostick
6 Elliott Circle NW
Rome, GA 30165

All creditors on the attached matrix.

This Thursday, May 30, 2019.


    /s/Jeffrey B. Kelly
JEFFREY B. KELLY
Law Office of Jeffrey B. Kelly, P.C.
Attorney for Debtors
Georgia Bar No.  412798
107 E. 5th Avenue
Rome, GA 30161
(678) 861-1127 (Phone)
(706) 413-1365 (Fax)
lawoffice@kellycanhelp.com

```
Label Matrix for local noticing        24 Physicians PC                        AT&T Mobility II LLC
113E-4                                 PO Box 403631                           %AT&T SERVICES INC.
Case 19-40574-pwb                      Atlanta, GA 30384-3631                  KAREN A. CAVAGNARO   PARALEGAL
Northern District of Georgia                                                   ONE AT&T WAY, SUITE 3A104
Rome                                                                           BEDMINSTER, NJ 07921-2693
Thu May 30 10:04:48 EDT 2019

AT&T                                   Ally Bank                               Ally Financial
P.O. Box 105262                        PO Box 130424                           PO Box 380901
Atlanta, GA 30348-5262                 Roseville, MN 55113-0004                Minneapolis, MN 55438-0901


Amerifinancial Solutions               Lisa H. Baggett                         Barclays Bank Delaware
P O Box 65018                          Solomon Baggett, LLC                    125 South West Street
Baltimore, MD 21264-5018               3763 Rogers Bridge Road                 Wilmington, DE 19801-5014
                                       Duluth, GA 30097-2845


Barclays Bank Delaware                 Big Pictures Loans                      Dana Moore Bostick
PO Box 8803                            N5380 US-45                             6 Elliott Circle NW
Wilmington, DE 19899-8803              Watersmeet, MI 49969                    Rome, GA 30165-1102


William Harold Bostick                 CHCHA dba Erlanger Health System        Capital One Auto Finance
6 Elliott Circle NW                    320 N. Holtzclaw Ave                    PO Box 259407
Rome, GA 30165-1102                    Chattanooga, TN 37404-2305              Plano, TX 75025-9407


Capital One Auto Finance, a division of Capi   Capital One Bank (USA), N.A.    Capital One Bank USA NA
4515 N Santa Fe Ave. Dept. APS         by American InfoSource as agent         10700 Capital One Way
Oklahoma City, OK 73118-7901           4515 N Santa Fe Ave                     Glen Allen, VA 23060-9243
                                       Oklahoma City, OK 73118-7901


Cavalry Portfolio Services LLC         Cavalry SPV I, LLC                      Collection Service of Athens
500 Summit Lake Drive                  500 Summit Lake Drive, Ste 400          PO Box 8048
Suite 400                              Valhalla, NY 10595-2321                 Athens, GA 30603-8048
Valhalla, NY 10595-2322


Coosa Valley Credit Union              Credit Bureau Associates                Credit One Bank
2010 Redmond Cir NW                    112 Ward St                             PO Box 98872
Rome, GA 30165-1398                    Macon, GA 31204-3147                    Las Vegas, NV 89193-8872


Credit One Bank NA                     Discover Bank                           Discover FIN SVCS LLC
P.O. Box 98872                         Discover Products Inc                   P.O. Box 15316
Las Vegas, NV 89193-8872               PO Box 3025                             Wilmington, DE 19850-5316
                                       New Albany, OH  43054-3025


Dr. Larkin Swartz                      Equifax                                 Erlanger Health System
313 Redmond Road                       PO Box 740241                           PO Box 1150
Rome, GA 30165-1539                    Atlanta, GA 30374-0241                  Chattanooga, TN 37401-1150
```

```
Experian                              Floyd Medical Center                  (p)GEORGIA DEPARTMENT OF REVENUE
PO Box 9701                           304 Turner McCall Blvd                COMPLIANCE DIVISION
Allen, TX 75013-9701                  Rome, GA 30165-5621                   ARCS BANKRUPTCY
                                                                            1800 CENTURY BLVD NE SUITE 9100
                                                                            ATLANTA GA 30345-3202


HARBIN CLINIC LLC                     HC Processing                         HC Processing Center
C/O NATIONWIDE RECOVERY SERVICE       P.O. Box 708670                       PO Box 829
PO BOX 8005                           Sandy, UT 84070-8670                  Springdale, AR 72765-0829
CLEVELAND, TN 37320-8005


Harbin Clinic, LLC                    Internal Revenue Service              Jeffrey B. Kelly
PO Box 18710                          PO Box 7346                           Law Office of Jeffrey B. Kelly, P.C.
Belfast, ME 04915-4082                Philadelphia, PA 19101-7346           107 E. 5th Avenue
                                                                            Rome, GA 30161-1725


Paul R. Knighten                      MIDLAND FUNDING LLC                   Midland Funding LLC
Knighten Law Firm                     PO BOX 2011                           2365 Northside Drive Suite 300
Suite D-295                           WARREN MI 48090-2011                  San Diego, CA 92108-2709
2221 Peachtree Road NE
Atlanta, GA 30309-1148


(p)NATIONWIDE RECOVERY SERVICE        PDQ                                   PRA Receivables Management, LLC
PO BOX 8005                           PO Box 2109                           PO Box 41021
CLEVELAND TN 37320-8005               Woodstock, GA 30188-1374              Norfolk, VA 23541-1021


Peoples Financial Corporation         Peoples Loan and Finance Corporation  (p)PORTFOLIO RECOVERY ASSOCIATES LLC
1013 Shorter Avenue SW                c/o Solomon Baggett, LLC              PO BOX 41067
Rome, GA 30165-4053                   3763 Rogers Bridge Road               NORFOLK VA 23541-1067
                                      Duluth, GA 30097-2845


Rome Orthopaedic Center               Rome Radiology Group P.A.             SCA Collection
1500 Klondike Road Ste A210           P.O. Bx 3253                          300 East Arlington Blvd
Conyers, GA 30094-5116                Indianapolis, IN 46206-3253           STE 6-A
                                                                            Greenville, NC 27858-5043


SYNCB/Belk                            Scana Energy                          Southeastern Pathology PC
PO Box 965005                         3344 Peachtree Road NE                311 West 8th Street
Orlando, FL 32896-5005                Suite 2150                            Rome, GA 30165-2797
                                      Atlanta, GA 30326-4808


Spot Loan                             Spot Loan                             Syncb/JCPenney
P.O. Box 927                          c/o Blue Chip Financial               PO Box 965007
Palatine, IL 60078-0927               P.O. Box 720                          Orlando, FL 32896-5007
                                      Belcourt, ND 58316-0720


Syncb/Wal-Mart                        Synchrony Bank                        Synchrony Bank
PO Box 965024                         c/o PRA Receivables Management, LLC   P.O. Box 965004
Orlando, FL 32896-5024                PO Box 41021                          Orlando, FL 32896-5004
                                      Norfolk, VA 23541-1021
```

| | | |
|---|---|---|
| Synchrony Bank<br>P.O. Box 965029<br>Orlando, FL 32896-5029 | Mary Ida Townson<br>Chapter 13 Trustee<br>Suite 2200<br>191 Peachtree Street, NE<br>Atlanta, GA 30303-1770 | Trans Union<br>PO Box 1000<br>Chester, PA 19016-1000 |
| US Dept of Education/GL<br>2401 International<br>PO Box 7859<br>Madison, WI 53707-7859 | United States Attorney<br>Northern District of Georgia<br>75 Ted Turner Drive SW, Suite 600<br>Atlanta GA 30303-3309 | United States Department of Education<br>CLAIMS FILING UNIT<br>PO Box 8973<br>Madison, WI 53708-8973 |
| Verizon<br>by American InfoSource as agent<br>4515 N Santa Fe Ave<br>Oklahoma City OK 73118-7901 | Verizon Wireless<br>3 Verizon Plaza<br>Alpharetta, GA 30004-8510 | W.S. Badcock Corporation<br>P.O. Box 724<br>Mulberry, FL 33860-0724 |
| Wakefield and Associates<br>PO Box 50250<br>Knoxville, TN 37950-0250 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| GEORGIA DEPARTMENT OF REVENUE<br>COMPLIANCE DIVISION, ARCS - BANKRUPTCY<br>1800 CENTURY BLVD NE, SUITE 9100<br>ATLANTA GA 30345-3205 | (d)Georgia Department of Revenue<br>Bankruptcy Section<br>PO Box 161108<br>Atlanta, GA 30321-1108 | (d)Georgia Department of Revenue<br>P.O. Box 105499<br>Atlanta, GA 30348-5499 |
| Nationwide Recovery Serv<br>545 W Inman St<br>Cleveland, TN 37311 | Portfolio Recovery<br>120 Corporate Blvd Suite 100<br>Norfolk, VA 23502 | (d)Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk VA 23541 |
| (d)W.S. Badcock Corporation<br>PO Box 497<br>Mulberry, FL 33860 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Capital One Auto Finance, a division of Ca<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | (u)Peoples Loan and Finance Corporation | (u)W.S. Badcock Corp. |

End of Label Matrix
Mailable recipients    69
Bypassed recipients     3
Total                  72